[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT
Before the court is the defendant's motion for summary judgment, brought because the defendant states that a prior judgment that the applicable statute of limitations barred the claim is binding on the parties under principles of res judicata and therefore the present complaint cannot be brought under the accidental failure of suit statute.
Initially, the plaintiff sued his dentist in 1992 by enlisting a sheriff who served the defendant with the writ, summons and complaint on June 16, 1992. The defendant dentist, in a motion for summary judgment, obtained a judgment from the CT Page 110 court on January 19, 1993, Sylvester, J., that the plaintiff's cause of action was barred by the statute of limitations. The present lawsuit was commenced by service made on April 23, 1993, and purported to be brought under the accidental failure of suit statute, Section 52-592 of the Connecticut General statutes. The issue presented by the motion is whether the accidental failure of suit statute is available to save a claim which was initially defeated by a judgment of the court that it was not timely commenced within the applicable statute of limitations, and was therefore barred.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507
(1994).
General statutes § 52-592 provides in pertinent part that:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident . . ., or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . ., the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . .
Section 52-592, "is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court" due to one or more of the various procedural problems enumerated in the statute. Legassey v. Shulansky, 28 Conn. App. 653, 659,611 A.2d 930 (1992). "It is not a device for avoiding our well settled rules of res judicata." Id.
On January 19, 1993, the court, Sylvester, J., entered summary judgment in favor of the defendant in the original action. The granting of a motion for summary judgment is a final judgment on the merits for the purposes of res judicata. The plaintiffs do not claim that they were denied a full and CT Page 111 fair hearing in connection with the motion for summary judgment filed in the original action. The entry of summary judgment is not one of the "procedural problems" listed in § 52-592, nor can it be construed as a failure to reach the merits of the case "for any matter of form." Thus, the plaintiffs cannot avail themselves of § 52-592 in attempting to assert their present claims.
Summary judgment is ordered to enter in favor of the defendant.
FLYNN, J.